IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:11-CV-114 |
| | ) (VARLAN/SHIRLEY) |
| WILLARD S. MCCORMICK, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## REPORT AND RECOMMENDATION

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order, [Doc. 12], of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Government's Motion for Contempt and for Sanctions [Doc. 14]. A Default Judgment was entered against the Defendant on August 8, 2011 in the amount of $66,069.04. [Doc. 8]. As part of its effort to collect the judgment debt, the Government sent Defendant certain post-judgment discovery requests, which went unanswered. [See Doc. 10]. The Government then filed a Motion to Compel Post Judgment Discovery, [Doc. 9], which this Court granted in its Memorandum and Order of May 27, 2014. [Doc. 13]. This Order went unanswered and the Government filed its Motion for Contempt and Sanctions contending that the Defendant should be held in contempt for failure to comply with the Court's Memorandum and Order. [See Doc. 14].

In response to the Government's Motion for Contempt and for Sanctions, the Court entered a Memorandum and Order on September 12, 2014 requiring the Defendant to either reply to the Government's request for discovery or to appear at a hearing on October 9, 2014 to

1

show cause why he should not be held in contempt for his failure to comply with the Court's Memorandum and Order of May 27, 2014. The Clerk of this Court mailed a copy of the Court's Order, [Doc. 18], via certified mail to Defendant's registered mailing address; 7144 Pisa Circle, Corryton, Tennessee 37721. [See Doc. 18]. The Order arrived at a United States Postal Service Facility on September 12, 2014 and delivery was attempted on September 13 & 20, 2014. On October 6, 2014, the Order remained unclaimed, and it was sent back to a United States Postal Service facility on October 8, 2014.

On October 7, 2014, the Government filed a Notice of Non-Compliance, informing the Court that Defendant had "not complied with the Court's Order or in any way communicated with the United States concerning this matter." [Doc. 19]. A show cause hearing was held on October 9, 2014 in which Suzanne H. Bauknight, United States Attorney for the Eastern District of Tennessee, was present for the Government. Defendant failed to appear and counsel did not appear on his behalf. During the hearing, the Government stated that it had not received any response from Defendant regarding any of the Government's requests for post-judgment discovery over the past two years and had been unable to establish communication with the Defendant during that time period.

The Court notes that Defendant's failure to appear in response to a lawful Order of this Court potentially constitutes contemptuous behavior. However, as this matter is before the undersigned at the referral of the District Court, and not on the consent of the parties, this Court may not, on its own, invoke the contempt authority provided for by federal law. Rather, pursuant to the United States Magistrate Judges Act, when a person commits an act in a proceeding before a magistrate judge under 28 U.S.C. § 636(a) or (b), which may constitute civil contempt, the magistrate judge shall:

> certify the facts to a judge of the district court and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

28 U.S.C. § 636(e)(6)(B)(iii). A contempt related to proceedings before the magistrate judge, such as failure to obey a lawful Order of the Court, qualifies as "a contempt committed in a proceeding before a magistrate judge[.]" United States v. Ivie, 05-2314MAV, 2005 WL 1759727, at *2 (W.D. Tenn. June 14, 2005).

Thus, in order to invoke the Court's contempt authority in this instance, the Court must certify the matter to the District Court for further proceedings. In light of the Defendant's failure to comply with the Court's Order requiring the Defendant to either respond to the Government's discovery requests or appear before the Court on October 9, 2014 to show cause why he should not be held in contempt, the Court certifies that the Defendant has not complied with the Court's Order served upon him.

It is hereby **RECOMMENDED**, pursuant to 28 U.S.C. § 636(e)(6)(B)(iii), that Defendant be brought before the District Court to show cause why Defendant should not be held in contempt for reasons so certified.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge