UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-CV-114-TAV-CCS |
| | ) | |
| WILLARD S. MCCORMICK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil matter is before the Court on the government's Motion to Withdraw Motion for Contempt and Sanctions, filed January 27, 2015 [Doc. 28], and the Court's Order for defendant to show cause why he should not be held in contempt of court, entered November 17, 2014 [Doc. 25]. In its motion [Doc. 28], the government moves to withdraw its prior Motion for Contempt and for Sanctions [Doc. 14]. In support, the government states that defendant has now complied with the post-judgment discovery order that prompted its Motion for Contempt and for Sanctions.

This case was brought by the United States in order to recover on defendant's student loan obligations. A default judgment against defendant was entered on August 8, 2011, in the amount of $66,069.04 [Doc. 8]. On May 7, 2014, the government filed a motion to compel post-judgment discovery [Doc. 9]. The Court referred the motion to Magistrate Judge Shirley [Doc. 12], who granted it in relevant part on May 27, 2014

[Doc. 13]. Magistrate Judge Shirley ordered defendant to respond to the post-judgment discovery that the government had served on him by June 17, 2014 [*Id.*].

On August 8, 2014, the government moved the Court to hold defendant in contempt of court and award the government reasonable expenses, including attorney's fees, for his alleged continuing failure to comply with the Court's post-judgment discovery order [Doc. 14]. The Court referred the government's motion to Magistrate Judge Shirley [Doc. 17], who ordered defendant to either provide post-judgment discovery or appear on October 9, 2014, to show cause why he should not be held in contempt of court [Doc. 18]. On October 21, 2014, Magistrate Judge Shirley entered a Report and Recommendation ("R&R") certifying to the Court that defendant had not complied with the Court's order for him to either provide post-judgment discovery or appear on October 9, 2014 [Doc. 23]. Magistrate Judge Shirley recommended that defendant be brought before the Court to show cause why he should not be held in contempt of court [*Id.*].

After receiving no objection to the R&R, the Court accepted it in whole on November 17, 2014, and issued an order for defendant to show cause why he should not be held in contempt of court [Doc. 25]. The Court ordered the United States Marshal to personally serve a copy of the show cause order on defendant [*id.*], and service was completed on November 28, 2014 [Doc. 26]. Counsel for the government has since filed an affidavit stating that defendant contacted the United States Attorney's Office on December 4, 2014, and arranged to accept the government's interrogatories and request

for production [Doc. 29]. Counsel for the government further states that on December 10, 2014, defendant returned the completed discovery documents to the government [*Id.*]. Accordingly, the government argues that defendant has now complied with the Court's post-judgment discovery order.

The Court has inherent authority to coerce compliance with its orders by virtue of the civil contempt power. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827–28 (1994) (discussing the civil contempt power in general); *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 795–96 (1987) (discussing the inherent authority of federal courts to punish criminal contempt). The Court's contempt authority extends to all of its lawful orders. *See Young*, 481 U.S. at 798.

In order for a court to find a party in civil contempt, "the petitioner must prove by clear and convincing evidence that the respondent violated the court's prior order." *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996) (quoting *Glover v. Johnson*, 934 F.2d 703, 707 (6th Cir. 1991)) (internal quotation marks omitted). Upon such a finding, the court may order an array of remedial sanctions, including issuing a fine or imprisoning the party. *See Bagwell*, 512 U.S. at 828–29 (1994). When the party complies with the order, the civil contempt is purged, and the sanction abates. *See id.*

In this case, the uncontroverted representations of the government establish that defendant is currently in compliance with the Court's post-judgment discovery order. Therefore, the Court concludes that adequate cause has been shown that defendant is not currently in contempt of court, in satisfaction of the R&R entered by Magistrate Judge

3

Shirley [Doc. 23] and the Court's subsequent Order to show cause [Doc. 25]. Accordingly, the government's Motion to Withdraw Motion for Contempt and Sanctions [Doc. 28] is **GRANTED**, and the government's Motion for Contempt and for Sanctions [Doc. 14] is **DENIED as moot**. The Clerk of Court is **DIRECTED** to mail a copy of this Order to defendant.

IT IS SO ORDERED.


                         s/ Thomas A. Varlan
                         CHIEF UNITED STATES DISTRICT JUDGE